UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELECT SPECIALTY HOSPITAL,

       Plaintiff,

v.

NATIONAL CITY BANK HEALTH &
WELFARE PLAN and NATIONAL CITY
BANK NORTHWEST CO.,

       Defendants.
_____/

Case No. 1:07-cv-349

HON. JANET T. NEFF

## OPINION

Pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, plaintiff Select Specialty Hospital filed a two-count complaint against defendants National City Bank Health & Welfare Plan and National City Bank Northwest Company.[1] Plaintiff alleges a "Claim for Plan Benefits against the Plan Only" and a "Failure to Supply Required Information Against National City Bank and the Plan." Pending before the Court is defendants' motion to dismiss (Dkt 7), which is based on defendants' argument that plaintiff lacks standing to bring this complaint. Because the parties filed matters outside the pleadings, this Court treats the motion as a motion for summary judgment. For the following reasons, this Court grants defendants summary judgment of plaintiff's complaint.

---

[1] This case was originally assigned to the Honorable Gordon J. Quist but was subsequently transferred to the undersigned pursuant to Administrative Order No. 07-091, filed August 10, 2007.

I

Plaintiff owns and operates a hospital in Kalamazoo, MI. (Compl., ¶ 1.) In late 2005, plaintiff provided care to a patient to whom it references in its complaint only as "John Doe." (Compl., ¶ 8.) As part of his paperwork at the hospital, the patient signed a document titled "Consent to Admission and Treatment, Authorization to Release Information and Assignment of Insurance Benefits," which provided in pertinent part "I irrevocably assign to the Hospital all right, title and interest in benefits payable for injuries to me which are being treated by the Hospital." (Resp. Exh. A, ¶ 12.) Plaintiff charged $145,070.84 for the care it provided the patient. (Compl., ¶ 15.)

The patient was an employee of defendant National City Bank, a company that conducts business in Kalamazoo. (Mot., 1; Compl., ¶ 2). The bank funds and administers the National City Bank Health and Welfare Plan to provide hospital care and other benefits to Plan participants, such as the patient in this case. (Compl., ¶¶ 3-4, 8.) The Plan contains a general anti-assignment provision, which states that "[a] Participant's rights, interests or benefits under this Plan shall not be subject in any manner to any voluntary or involuntary ... assignment." (Mot. Exh. A, ¶ 18.)

Plaintiff is a non-participating or out-of-network provider under the Plan. (Compl., ¶ 14; Mot., 1). The Plan paid plaintiff $92,809.19 for the care it provided the patient. (Compl., ¶ 17.) Plaintiff filed an Appeal of Adverse Benefits Determination in May 2006. (Compl., ¶¶ 18-19; Resp. Exh. B.) Further, in June 2006, plaintiff requested all Plan documents pertaining to the patient's coverage and underpayment. (Compl., ¶ 22; Resp. Exh. C.) Plaintiff alleges that it did not receive any response. (Compl., ¶ 19).

Plaintiff filed this complaint in April 2007, seeking the benefits and documentation it alleges are due it under ERISA. Plaintiff alleges that the patient assigned to it all benefits under the ERISA-governed Plan. (Compl., ¶ 10.)

In September 2007, defendants filed a motion to dismiss, seeking dismissal of plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(1) (lack of subject matter jurisdiction) and FED. R. CIV. P. 12(b)(6) (failure to state a claim). Relying on the decision in *Trinity Health-Michigan v. Blue Cross Blue Shield of South Carolina,* 408 F.Supp.2d 482 (W.D. Mich. 2005), defendants argue that plaintiff does not have standing as a Plan participant or beneficiary nor derivative standing as the patient's assignee in light of the anti-assignment clauses in the Plan.

According to plaintiff, the Plan's anti-assignment clause should not be enforced against it for two reasons. First, plaintiff argues that the anti-assignment clause is ambiguous inasmuch as it does not reference "health care providers." Relying on *Hermann Hosp. v. MEBA Medical and Benefits Plan,* 959 F.2d 569 (5th Cir. 1992) (*"Hermann II"*), plaintiff opines that the clause instead resembles a spendthrift provision precluding assignments only to third-party creditors. Second, plaintiff argues that enforcement of the anti-assignment clause would have the effect of hindering the Plan participant, through his health care provider, from prosecuting this claim for reimbursement of covered benefits.

In reply, defendants argue that *Hermann II* is factually distinguishable from this case. Defendants point out that in *Hermann II,* 959 F.2d at 575, the anti-assignment clause the Fifth Circuit examined prohibited only an assignment of "any benefit payment" whereas the anti-assignment clause at bar encompasses not only benefit payments but also all rights and interests of the Plan participant. Defendants argue that the anti-assignment clause at bar is therefore

3

unquestionably directed at an assignment of any kind, not just assignments granted to third-party creditors, as plaintiff opines.

This Court heard defendants' motion to dismiss on November 30, 2007, at which time neither attorney could definitively answer whether the patient had any health benefits to assign to plaintiff. At this Court's request, the parties submitted supplemental briefing and documents on the question, ultimately agreeing that the patient had not exhausted his Plan benefits at the time plaintiff rendered the services to him. The Court had the benefit of further oral argument on January 22, 2008.

II

Defendants seek dismissal of plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(1) (lack of subject matter jurisdiction) and FED. R. CIV. P. 12(b)(6) (failure to state a claim). However, because this Court accepted matters outside the pleadings, this Court must treat the motion as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

4

III

At issue here is the legal determination of plaintiff's standing. Whether a party has standing is, in essence, a determination of whether a person or entity is the proper party to bring an action for adjudication. *Warth v. Seldin,* 422 U.S. 490, 498 (1975).

ERISA instructs that only "participants" and "beneficiaries," as those terms are defined in the Act, have standing to pursue claims for benefits. 29 U.S.C. § 1132(a)(1)(B). "Participant" means "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). "Beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

There is no dispute that plaintiff lacks direct standing to pursue its complaint. See *Ward v. Alternative Health Delivery Systems, Inc.,* 261 F.3d 624, 627 (6th Cir. 2001). There is also no dispute that health care providers may acquire derivative standing to assert claims pursuant to a valid assignment from a participant or beneficiary. See *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir. 1991).

This case turns on the validity of the assignment from the patient to plaintiff in light of the anti-assignment clause in the Plan. Most courts, including the district court in *Trinity Health,* have held that ERISA does not prohibit an anti-assignment clause in an employee welfare benefit plan and that an unambiguous anti-assignment provision invalidates an assignment to a health care

provider. See *Trinity Health,* 408 F.Supp.2d at 485 (citing cases from the 1st, 5th, 9th, 10th, and 11th Circuits as well as district court decisions from Illinois, Florida and New Jersey).

The anti-assignment provision is this case is both unambiguous and enforceable. This Court is not persuaded that the absence of a reference to "health care providers" in the anti-assignment clause at bar renders the clause ambiguous. As defendants point out in their reply to plaintiff's response, the anti-assignment clause at bar is all-encompassing, instructing that "[a] participant's rights, interests or benefits under this Plan shall not be subject in *any* manner to *any* voluntary or involuntary ... assignment" (emphasis added).

Neither is this Court persuaded that the anti-assignment clause is rendered unenforceable by plaintiff's policy argument that allowing assignments to health care providers would make it easier for participants and beneficiaries to obtain benefits. Rather, as other courts have acknowledged, Congress left the determination regarding the assignability or non-assignability of ERISA benefits to the contracting parties. See *Trinity Health,* 408 F.Supp.2d at 485.

In short, plaintiff is not a proper party to bring this action for adjudication, and defendants are therefore entitled to judgment as a matter of law.

IV

For the foregoing reasons, this Court grants defendants summary judgment of plaintiff's complaint. An Order will be entered consistent with this Opinion.

DATED:  January 25, 2008                                /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge